IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PAMELA JANE SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>**Acting Commissioner of Social Security,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:11-cv-78-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2]  Pamela Jane Scott's ("Plaintiff") application to proceed without payment of fees was previously approved by the court.[3]

In a case where a plaintiff is permitted to proceed without payment of fees, the officers of the court are required to issue and serve all process and perform all duties related to service of process.  *See* 28 U.S.C. § 1915(d).  In an order issued on October 24, 2012, this court ordered

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

[2] *See* docket no. 4.

[3] *See* docket nos. 1-2.

Plaintiff to, on or before November 16, 2012, send to the court a listing of the names and addresses of persons upon whom service should be made under rule 4 of the Federal Rules of Civil Procedure to effect proper service on the Commissioner.[4]  Plaintiff was warned that her failure to provide such information in a timely manner could result in dismissal of her complaint. The court further ordered that the Case Administrator would thereafter issue process for service and that the United States Marshal would serve a copy of the summons and complaint on the designated person(s).  The court also indicated that all costs of service would be advanced by the United States.

As of the November 16, 2012 deadline, Plaintiff had failed to provide the court with the requested information.  Accordingly, on November 29, 2012, Plaintiff was ordered to show cause why this case should not be dismissed.[5]  Plaintiff was directed to respond to the court in writing on or before December 17, 2012, to inform the court of the status of this case and her intentions to proceed.  Plaintiff was warned that her failure to do so would result in a recommendation that this case be dismissed.

Plaintiff failed to file a written response by the December 17, 2012 deadline.  However, on December 21, 2012, Plaintiff filed a motion for an extension of time, in which she indicated that she wanted to prosecute her case.[6]  Based on the fact that Plaintiff is proceeding pro se, the

---

[4] *See* docket no. 5.

[5] *See* docket no. 6.

[6] *See* docket no. 7.

court accepted Plaintiff's motion as a response to the above-referenced order to show cause. On January 9, 2013, the court granted Plaintiff's motion.[7] Plaintiff was again ordered to, on or before February 1, 2013, send to the court a listing of the names and addresses of persons upon whom service should be made under rule 4 of the Federal Rules of Civil Procedure to effect proper service on the Commissioner. Plaintiff was again warned that her failure to provide such information in a timely manner could result in dismissal of her complaint. As before, the court ordered that the Case Administrator would thereafter issue process for service and that the United States Marshal would serve a copy of the summons and complaint on the designated person(s). The court also indicated that all costs of service would be advanced by the United States.

As of the February 1, 2013 deadline, Plaintiff had again failed to provide the court with the requested information. Accordingly, on February 6, 2013, Plaintiff was again ordered to show cause why this case should not be dismissed.[8] Plaintiff was directed to respond to the court in writing on or before February 22, 2013, to inform the court of the status of this case and her intentions to proceed. Plaintiff was warned that her failure to do so would result in a recommendation that this case be dismissed.

On the February 22, 2013 deadline, Plaintiff filed a response to the February 6, 2013 order to show cause.[9] In her response, Plaintiff requested an additional sixty (60) days to obtain

---

[7] *See* docket no. 8.

[8] *See* docket no. 9.

[9] *See* docket no. 10.

the name and address information the court has previously ordered her to submit. In an order dated March 20, 2013, the court granted that request and ordered Plaintiff to submit the name and address information on or before May 20, 2013.[10]

As of the date of this Report and Recommendation, Plaintiff has again failed to provide the court with the above-referenced name and address information. Based on Plaintiff's failures to abide by court orders and prosecute this case, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of May, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[10] See docket no. 12.